# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Kalinda Redel, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC,<br>a Georgia limited liability company, | **JURY TRIAL DEMAND** |
| Trans Union, LLC,<br>an Illinois limited liability company, | |
| Experian Information Solutions, Inc., a<br>foreign corporation, | |
| NC Financial Solutions of Georgia, LLC,<br>a foreign limited liability company, | |
| First Premier Bank, a foreign corporation, | |
| Wells Fargo & Company,<br>a foreign corporation, and | |
| Macy's Inc.,<br>a foreign corporation, | |
| Defendants. | |

NOW COMES THE PLAINTIFF, KALINDA REDEL, BY AND THROUGH COUNSEL, Matthew Landreau, Esq., and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Stone Mountain, DeKalb County, Georgia.

4. Venue is proper in the Northern District of Georgia, Atlanta Division.

## PARTIES

5. Plaintiff is a natural person residing in City of Stone Mountain, DeKalb County, Georgia.

6. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Georgia;

b. Trans Union, LLC ("Trans Union") is a foreign limited liability company that conducts business in the State of Georgia;

c. Experian Information Solutions, Inc. ("Experian") is a foreign corporation that conducts business in the State of Georgia;

d. NC Financial Solutions of Georgia, LLC ("NC Financial") is a foreign limited liability company that conducts business in the State of Georgia;

e. First Premier Bank ("First Premier") is a foreign bank that conducts business in the State of Georgia;

f. Wells Fargo & Company ("Wells Fargo") is a foreign corporation that conducts business in the State of Georgia; and

g. Macy's Inc. ("Macy's") is a foreign corporation that conducts business in the State of Georgia.

## GENERAL ALLEGATIONS

7. NC Financial, First Premier, Wells Fargo and Macy's (collectively, "Furnishers") are inaccurately reporting their tradelines ("Errant Tradelines") on Plaintiff's Equifax and Trans Union credit disclosures.

8. NC Financial is inaccurately reporting its Errant Tradeline with an erroneous scheduled monthly payment amount of $495.00 on Plaintiff's Trans Union credit file.

9. First Premier is inaccurately reporting its Errant Tradelines with an erroneous notation of "account in dispute" on Plaintiff's Equifax, Trans Union and Experian credit disclosures.

10. Wells Fargo is inaccurately reporting its Errant Tradelines with an erroneous notation of "account in dispute" on Plaintiff's Equifax and Experian credit disclosures.

11. Macy's is inaccurately reporting its Errant Tradelines with an erroneous notation of "account in dispute" on Plaintiff's Equifax and Trans Union credit disclosures.

12. The account reflected by the NC Financial Errant Tradeline with an erroneous scheduled monthly payment was closed by NC Financial. Plaintiff no longer has an obligation to make monthly payments to NC Financial. Defendant closed the account. Hence, the entire balance is due presently as Plaintiff has neither the right nor the obligation to satisfy this debt in monthly installments.

13. The NC Financial Errant Tradeline should be reported by NC Financial with a monthly payment of $0.00. Per credit reporting industry standard and the Credit Reporting Resource Guide, which is the credit reporting manual created by the three major credit bureaus, no furnisher may report a monthly payment on a closed account.

14. Plaintiff no longer disputes the First Premier, Wells Fargo and Macy's Errant Tradelines.

15. On April 30, 2020, Plaintiff obtained her Equifax, Trans Union and Experian credit disclosures and noticed the Errant Tradelines inaccurately reporting with an erroneous scheduled monthly payment amount and erroneous notation of "accounts in dispute."

16. On or about May 29, 2020, Plaintiff submitted a letter to Trans Union disputing the NC Financial Errant Tradeline. In her dispute, Plaintiff explained that the account reflected by the Errant Tradeline was closed. Plaintiff no longer has an obligation to make monthly payments to NC Financial. Accordingly, Plaintiff asked Trans Union to report the Errant Tradeline with the monthly payment amount of $0.00.

17. On or about the same date, Plaintiff submitted a letter to Equifax, Trans Union and Experian requesting for the removal of the notation of "account in dispute" in First Premier, Wells Fargo and Macy's Errant Tradelines.

18. Equifax, Trans Union and Experian forwarded Plaintiff's consumer dispute to the Furnishers.

19. The Furnishers received Plaintiff's consumer dispute from Equifax, Trans Union and Experian.

20. Equifax, Trans Union, Experian and the Furnishers did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

21. Plaintiff had not received Equifax's, Trans Union's and Experian's investigation results. Therefore, on July 14, 2020, Plaintiff obtained her Equifax, Trans Union and Experian credit disclosures, which showed that Equifax, Trans Union, Experian and the Furnishers failed or refused to report the scheduled monthly payment as $0.00 on the Errant Tradeline and to remove the notation of "account in dispute."

22. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit files or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## **COUNT I**

### **NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NC FINANCIAL**

23. Plaintiff realleges the above paragraphs as if recited verbatim.

24. After being informed by Trans Union of Plaintiff's consumer dispute of the scheduled monthly payment amount, NC Financial negligently failed to

conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

25. NC Financial negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Trans Union to report the Errant Tradeline with a $0.00 monthly payment amount.

26. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Trans Union to which it is reporting such tradeline.

27. As a direct and proximate cause of NS Financial negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

28. NC Financial is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

29. Plaintiff has a private right of action to assert claims against NC Financial arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant NC Financial for damages, costs, interest, and attorneys' fees.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NC FINANCIAL

30. Plaintiff realleges the above paragraphs as if recited verbatim.

31. After being informed by Trans Union that Plaintiff disputed the accuracy of the information it was providing, NC Financial willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Trans Union to report the Errant Tradeline with a $0.00 monthly payment amount.

32. NC Financial willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

33. As a direct and proximate cause of NC Financial willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

34. NC Financial is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well

as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant NC Financial for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER

35. Plaintiff realleges the above paragraphs as if recited verbatim.

36. After being informed by Equifax, Trans Union and Experian of Plaintiff's consumer dispute of the erroneous notation, First Premier negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

37. First Premier negligently failed to review all relevant information available to it and provided by Equifax, Trans Union and Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax, Trans Union and Experian to remove the notation of "account in dispute."

38. The Errant Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit files with Equifax, Trans Union and Experian to which it is reporting such Tradelines.

39. As a direct and proximate cause of First Premier's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

40. First Premier is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

41. Plaintiff has a private right of action to assert claims against First Premier arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant First Premier for damages, costs, interest, and attorneys' fees.

## <u>COUNT IV</u>

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER

42. Plaintiff realleges the above paragraphs as if recited verbatim.

43. After being informed by Equifax, Trans Union and Experian that Plaintiff disputed the accuracy of the information it was providing, First Premier willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

44. First Premier willfully failed to review all relevant information available to it and provided by Equifax, Trans Union and Experian as required by 15 USC 1681s-2(b).

45. As a direct and proximate cause of First Premier's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

46. First Premier is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant First Premier for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WELLS FARGO

47. Plaintiff realleges the above paragraphs as if recited verbatim.

48. After being informed by Equifax and Experian of Plaintiff's consumer dispute of the erroneous notations, Wells Fargo negligently failed to conduct

11

a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

49. Wells Fargo negligently failed to review all relevant information available to it and provided by Equifax and Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Equifax and Experian to remove the notation of "account in dispute."

50. The Errant Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax and Experian to which it is reporting such Tradelines.

51. As a direct and proximate cause of Wells Fargo's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

52. Wells Fargo is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

53. Plaintiff has a private right of action to assert claims against Wells Fargo arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Wells Fargo for damages, costs, interest, and attorneys' fees.

## COUNT VI

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WELLS FARGO

54. Plaintiff realleges the above paragraphs as if recited verbatim.

55. After being informed by Equifax and Experian that Plaintiff disputed the accuracy of the information it was providing, Wells Fargo willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

56. Wells Fargo willfully failed to review all relevant information available to it and provided by Equifax and Experian as required by 15 USC 1681s-2(b).

57. As a direct and proximate cause of Wells Fargo's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

58. Wells Fargo is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Wells Fargo for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MACY'S

59. Plaintiff realleges the above paragraphs as if recited verbatim.

60. After being informed by Equifax and Trans Union of Plaintiff's consumer dispute of the erroneous notations, Macy's negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

61. Macy's negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Equifax and Trans Union to remove the notation of "account in dispute."

62. The Errant Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax and Trans Union to which it is reporting such Tradelines.

63. As a direct and proximate cause of Macy's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

64. Macy's is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

65. Plaintiff has a private right of action to assert claims against Macy's arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Macy's for damages, costs, interest, and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MACY'S

66. Plaintiff realleges the above paragraphs as if recited verbatim.

67. After being informed by Equifax and Trans Union that Plaintiff disputed the accuracy of the information it was providing, Macy's willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

68. Macy's willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 USC 1681s-2(b).

69. As a direct and proximate cause of Macy's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

70. Macy's is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Macy's for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT IX

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

71. Plaintiff realleges the above paragraphs as if recited verbatim.

72. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

73. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

74. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

16

75. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

76. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

77. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## <u>COUNT X</u>

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

78. Plaintiff realleges the above paragraphs as if recited verbatim.

79. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

80. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

81. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

82. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

83. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

84. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.


**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT XI

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

85. Plaintiff realleges the above paragraphs as if recited verbatim.

86. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

87. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

88. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

89. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

90. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

91. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## <u>COUNT XII</u>

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

92. Plaintiff realleges the above paragraphs as if recited verbatim.

93. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

94. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

95. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

96. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

97. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

98. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT XIII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

99. Plaintiff realleges the above paragraphs as if recited verbatim.

100.  Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

21

101.    Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

102.    Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

103.     After receiving Plaintiff's consumer dispute to the Errant Tradelines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

104.    As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

105.    Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## <u>COUNT XIV</u>

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

106.     Plaintiff realleges the above paragraphs as if recited verbatim.

107.     Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

108.     Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

109.     Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

110.      After receiving Plaintiff's consumer dispute to the Errant Tradelines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

111.     As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

112.     Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.


DATED: August 24, 2020

By: */s/ Matthew Landreau*
Matthew Landreau
Bar Number 301329
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: matt@crlam.com

*Attorneys for Plaintiff,*
*Kalinda Redel*
